UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE ENCAR ARNOLD,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,<br><br>Defendant. | No.  1:20-cv-01372-NONE-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED AND DENYING APPLICATIONS TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 2, 4, 7, 12) |

Plaintiff Marie Encar Arnold, proceeding *pro se*, initiated this civil matter on September 28, 2020.  (Doc. No. 1.)

On November 10, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's applications to proceed without prepayment of fees and costs be denied and that plaintiff be required to pay the required filing fee in full to proceed with this action.  (Doc. No. 7.)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  Plaintiff filed objections on November 23, 2020.  (Doc. No. 8.)

In her objections, plaintiff mentioned, among other things, that she was granted a fee waiver in an appeal she filed in a case entitled *Arnold v. Metlife*.  (Doc. No. 8.)  The court located the fee waiver application filed by plaintiff in the Ninth Circuit Court of Appeals but determined

1    that there were notable differences between the fee waiver in that case and her pending fee waiver
2    application in this case.  In particular, the court observed that in *Arnold v. Metlife*, plaintiff did not
3    disclose monthly Social Security income related to her two daughters.  The court indicated that
4    such additional income arguably justified a different result than that reached in *Arnold v. Metlife*.
5    (Doc. No. 11 at 2.)  In an abundance of caution, the court allowed plaintiff one last opportunity to
6    present her full financial picture for the court's consideration.  The court therefore directed
7    plaintiff to complete and file the Long Form ("Long Form") fee waiver application (AO 239) or
8    to pay the filing fee in this action. (Doc. No. 11.)   The court advised plaintiff to take care to be as
9    accurate and complete as possible with respect to all of her sources of income, all of her expenses,
10   and all of her outstanding debts.  The court also advised plaintiff that if she failed to comply with
11   the order, then the court would rule on the pending findings and recommendations based on the
12   record.  (*Id.* at 2.)
13          On January 8, 2021, plaintiff filed a Long Form application.  (Doc. No. 12.)  Despite
14   being provided an additional opportunity to clarify her financial picture, plaintiff has failed to do
15   so.  Indeed, plaintiff's Long Form application is inconsistent with her prior representations to this
16   court.  Most critically, plaintiff omits any mention of previously-disclosed monthly Social
17   Security income related to her two daughters and fails to meaningfully and accurately identify all
18   of her monthly expenses.  She also reports an average monthly income of $3,417.00, plus an
19   educational loan in the amount of $8,388.99 with no evidence of any restrictions.  (*Id.* at 12.)
20          In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a
21   de novo review of this case.  Having carefully reviewed the entire file, including plaintiff's
22   objections and her Long Form application filed on January 8, 2021, the court finds the findings
23   and recommendations to be supported by the record and by proper analysis.  Neither plaintiff's
24   objections nor her January 8, 2021 Long Form application provides a basis to reject the
25   magistrate judge's findings and recommendations.  Plaintiff has not made the showing required
26   by 28 U.S.C. § 1915(a) that she is unable to pay the required fee for this action.
27   ///
28   ///

2

Accordingly,

1. The November 10, 2020 findings and recommendations (Doc. No. 7) are adopted in full;
2. Plaintiff's applications to proceed without prepayment of fees and costs are denied (Doc. Nos. 2, 4, 12);
3. Within thirty (30) days from the date of this order, plaintiff is required to pay the $402.00 filing fee in full to proceed with this action; and
4. Plaintiff's failure to comply with this order will result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated: **January 29, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE