UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE ENCAR ARNOLD,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,<br><br>Defendant. | No. 1:20-CV-01372-BAM<br><br>ORDER GRANTING DEFENDANT'S <u>MOTION TO DISMISS</u><br><br>(Doc. No. 22) |

**INTRODUCTION**

Pending before the court is defendant National Aeronautics and Space Administration's ("NASA" or "defendant") motion to dismiss plaintiff's claim that NASA discriminated against her when it did not select her for an Equal Opportunity ("EEO") job on February 10, 2020. Plaintiff filed this suit on September 28, 2020, and defendant moved to dismiss the complaint for failure to state a claim on which relief can be granted and for failure to exhaust administrative

/////

/////

/////

/////

1

remedies.  (Doc. Nos. 1, 22.)  For the reasons discussed below, defendant's motion will be granted.[1]

**BACKGROUND**

Plaintiff applied for an open EEO position with NASA that was classified as a level GS-11 on the federal government pay scale.  (Doc. No. 1 at 4, 18.)  Plaintiff's resume indicated that the lowest pay she would accept was a level GS-12 on the federal government pay scale.  (*Id*. at 13–14, 18.)  Plaintiff was thus requesting greater compensation for serving in the position than defendant was offering.  For this reason, defendant informed plaintiff on February 10, 2020 that she would not be moving forward in the hiring process.  (*Id*.)  After plaintiff asked defendant to reconsider its decision, defendant declined on the basis that plaintiff did not meet the qualifications for the position; specifically, plaintiff had not provided indication that she had completed 32 hours of EEO counselor training or 8 hours of annual EEO counselor refresher training within the previous year.  (*Id*. at 14, 18–19.)

On April 30, 2020, plaintiff submitted requests for hearings to the Equal Employment Opportunity Commission's ("EEOC") San Francisco and Los Angeles District Offices.  (Doc. No. 22-2 at ¶ 5.)  On May 7, 2020, defendant informed the EEOC that plaintiff had not initiated contact with an EEO counselor or filed a discrimination complaint with NASA, prerequisites to plaintiff requesting an EEOC hearing.  (Doc. No. 22-2 at ¶ 9.)  On May 11, 2020, plaintiff initiated the pre-complaint process required under 29 C.F.R. § 1614.105 by contacting the EEO counselor identified in NASA's May 7, 2020 letter.  (Doc. No. 1 at 16; Doc. No. 22-2 at ¶ 10, 13).  Plaintiff filed a formal EEO discrimination complaint one month later.  (Doc. No. 1 at 30.)

Defendant dismissed plaintiff's EEO complaint on August 18, 2020 on the grounds that plaintiff had failed to contact an EEO counselor within 45 days of the alleged discrimination.  The

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion.  That situation, which has continued unabated for over twenty-two months now, has left the undersigned presiding over 1300 civil cases and criminal matters involving 735 defendants at last count.  Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time.  This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

EEOC affirmed defendant's decision after plaintiff appealed, (Doc. No. 22-2 at ¶ 10–13), and plaintiff then filed this civil action. (Doc. No. 1.)

## LEGAL STANDARD

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is ordinarily limited to considering the contents of a plaintiff's complaint in deciding a Rule 12(b)(6) motion, it may take judicial notice of material included as part of the complaint or relied upon by plaintiff, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), as well as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 668–89 (9th Cir. 2001). This includes "records and reports of administrative bodies." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Here, plaintiff attached several EEO administrative record materials to the complaint filed in this action, and defendant provided further EEO administrative record materials with its motion to dismiss. Courts have often considered EEO records in resolving 12(b)(6) motions that assert a plaintiff's failure to first exhaust administrative remedies. *See, e.g.*, *Albro v. Spencer*, No. 1:18-cv-1156-DAD-JLT, 2019 WL 2641667, at *5 (E.D. Cal. June 27, 2019); *see also Garcia v. Barr*, No. EDCV 20-00726-VAP (SHKx), 2020 WL 8455155, at *4 (C.D. Cal. Dec. 1, 2020); *Lacayo v. Donahoe*, No. 14-cv-4077-JSC, 2015 WL 993448, at *9–10 (N.D. Cal. Mar. 4, 2015) (holding that, in ruling on a Rule 12(b)(6) motion, "it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record," and citing supporting authorities). The court will thus take judicial notice of the

EEOC administrative record in ruling upon the pending motion.

## ANALYSIS

### A. Administrative Exhaustion

Federal employees or applicants who believe they have been illegally discriminated against have "the option of pursuing administrative remedies, either through the agency's EEO procedures, or through the Merit Systems Protection Board." *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (internal citations omitted). EEOC regulations provide that an aggrieved federal employee who pursues the EEO avenue must consult an EEO counselor within forty-five days of the effective date of the contested personnel action, prior to filing a complaint alleging discrimination. 29 C.F.R. §1614.105(a).

Here, plaintiff admits that she was informed of her non-selection for the job in question on February 10, 2020, which gave her until March 26, 2020 to consult with an EEO counselor. (Doc. No. 1 at 16.) However, plaintiff did not even contact the agency regarding her potential discrimination claim until April 30, 2020, when plaintiff prematurely requested a hearing with an EEOC administrative judge, and she did not consult with an EEO counselor until May 11, 2020. (*See* Doc. Nos. 1 at 16; 22-2 at ¶¶ 5, 10, 13.)

The Ninth Circuit has "consistently held that, absent waiver, estoppel, or equitable tolling, 'failure to comply with this regulation [is] ... fatal to a federal employee's discrimination claim' in federal court." *Shelley v. Geren*, 666 F.3d 599, 605 (9th Cir. 2012) (quoting *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009)).

Plaintiff offers that she attempted to send her complaint to the EEOC's physical office in Los Angeles, California, but that the office was closed due to the COVID-19 pandemic. (Doc. No. 24 at 3.) However, plaintiff also concedes that she did not make this effort until May 10, 2020—more than a month after the forty-five-day window had closed. (*Id*.) Plaintiff's filings make clear that she was aware of how to assert her EEOC discrimination claim by March 11, 2020 at the latest, and she provides the court with no explanation as to why her attempt at contacting the EEOC was so delayed. (*See* Doc. No. 1 at 15, plaintiff's printout of the job posting at issue, which contains a link to the EEOC website with details on how to assert a claim.)

Because it is clear that plaintiff failed to exhaust her administrative remedies without explanation, her claim will be dismissed.

**B.      Failure to Allege Sufficient Facts**

In addition to failing to exhaust her administrative remedies in a timely fashion, plaintiff has not pleaded facts in her complaint stating a plausible claim of disability discrimination. To establish her claim, plaintiff must allege and show that (1) she is disabled; (2) she was qualified for the position; and (3) she was not selected due to her disability. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996). Even construing the pleadings liberally in favor of plaintiff, she has failed to plead facts that if proven would demonstrate that she was qualified for the position at hand and not selected due to her disability.

Documents submitted with plaintiff's complaint make clear that plaintiff was not selected for the position because the compensation she requested was higher than defendant was offering and because she had not completed the required amount of EEO counselor training. (Doc. No. 1 at 14, 18–19.) Plaintiff has disputed neither her stated salary requirement nor her failure to demonstrate completion of the required counselor training. *See Herron v. Peri & Sons Farms, Inc.*, 676 F. App'x 639, 640 (9th Cir. 2017) (concluding that the plaintiff could not establish disability discrimination where the position in question required specific training that the plaintiff had not completed.)[2]  As such, plaintiff has failed to plead a plausible disability discrimination claim.

**CONCLUSION**

For the reasons described above, the court grants defendant's motion to dismiss (Doc. No. 22). Plaintiff's complaint is dismissed without prejudice, and the court directs the Clerk of the Court to close this case.

IT IS SO ORDERED.

Dated:  **December 15, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5